**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| STEPHANIE FAUSNACHT, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| ACCOUNTS RECEIVABLE, | |
| Defendant, | |

NOW COMES the plaintiff, STEPHANIE FAUSNACHT, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC., and for her Complaint against the defendant, ACCOUNTS RECEIVABLE, the plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. STEPHANIE FAUSNACHT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mesa, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sandoval Karate (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Sandoval Karate was for self-defense instruction and was, therefore, a debt incurred for the personal use of Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ACCOUNTS RECEIVABLE, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about March 24, 2015, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt from Plaintiff. During the course of the communication between Defendant and Plaintiff, Plaintiff informed Defendant that it had been repeatedly calling her very early in the morning and Plaintiff requested that Defendant stop calling her prior to 8:00 a.m.

15. In response, Defendant stated to Plaintiff that Defendant can call her that early because it is the time zone in which Defendant is located that is the measure of the propriety of the time of the call, not the time zone in which Plaintiff is located.

16. The aforesaid statement by Defendant is false, deceptive and misleading and was an attempt by Defendant to coerce Plaintiff into paying the Debt so as to avoid telephone calls from Defendant prior to 8:00 a.m.

17. On or about March 30, 2015, Defendant initiated a telephone call to Plaintiff at 6:53 a.m., in an attempt to collect the Debt from Plaintiff.

18. On or about April 1, 2015, Defendant initiated a telephone call to Plaintiff at 7:20 a.m., in an attempt to collect the Debt from Plaintiff.

19. In its attempts to collect the debt allegedly owed by Plaintiff to Sandoval Karate, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHANIE FAUSNACHT, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By  s/ Adam Anderson
Adam C. Anderson (Bar No. 024314)
ANDERSON BANTA CLARKSON PLLC
48 North Macdonald
Mesa, AZ 85201
Telephone:   (480) 272-5983
Facsimile:    (480) 522-3649
E-Mail:        adam@abclawgroup.com
Attorney for Plaintiff